R. U. DELAPENHA & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. November 12, 1909.)

No. 5,298.

CUSTOMS DUTIES (§ 78*) —DUTIABLE VALUE—CLERICAL ERROR.

Allowance should have been made in the dutiable value of an importation on the ground of clerical error, where it appeared that the shippers had failed to note on the invoice that the value included certain nondutiable charges.

[Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 194; Dec. Dig. § 78.*]

On Application for Review of a Decision by the Board of United States General Appraisers.

The Board of General Appraisers overruled the importers' protest against the assessment of duty by the collector of customs at the port of New York. The Board's opinion reads as follows:

McCLELLAND, General Appraiser. This protest is against the assessment of duty on 15 barrels of olive oil at the rate of 40 cents per gallon under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule A, par. 40, 30 Stat. 152 (U. S. Comp. St. 1901, p. 1629), and claim is made that said "olive oil is exempt from duty in accordance with the provisions of paragraph 626 as olive oil for manufacturing and mechanical purposes fit only for such use and valued at less than 60 cents per gallon." The further claim is made "that the assessment of duty is due to a clerical error on the part of the foreign shipper in making out invoice covering this oil, the same being valued under 60 cents per gallon." The appraiser returned the said oil as being fit only for manufacturing purposes, but having been invoiced, entered, and appraised at 93 lire per 100 kilograms, which equals more than 60 cents per gallon, duty was assessed thereon by the collector.

Following the claim in the protest that such assessment was due to a clerical error on the part of foreign shipper, it is stated that "proof of such error on the part of the foreign shipper will be duly submitted, either to you, or to the Board of General Appraisers or other tribunals, as may be required." At the hearing the only attempt to show error on the part of the foreign shipper is embodied in a certificate of the Chamber of Commerce of Marseilles (Exhibit 1); but such certificate only sets forth that the market value of yellow clear olive oil for manufacturing purposes, containing not more than 5 per cent. acid, on the 3d day of August, 1906, was from 91 to 93 francs per 100 kilograms, c. i. f. New York.

It appears that the oil in question was shipped by Auguste Gaillard & Sons, of Marseilles, France, to R. U. Delapenha & Co., of New York, with instructions to "duty pay" the same and deliver it to the De Bruenn Chemical & Dyestuff Company, and that said De Bruenn Chemical & Dyestuff Company subsequently sold the same to the Botany Worsted Mills. By the testimony of the representative of the De Bruenn Chemical & Dyestuff Company it is shown that the oil was purchased by that company from the shippers at 60 cents per gallon, c. i. f. New York, and that it was in turn sold to the Botany Worsted Mills for 60 cents per gallon, notwithstanding that it is stated in the invoice

that R. U. Delapenha & Co. are the purchasers thereof from Gaillard & Sons, and that upon the entry of the oil at the custom house a member of said firm of Delapenha took and subscribed to the owner's declaration.

On the whole record we are of the opinion that there has been utter failure of proof to establish that there was such error in the making of the invoice as would justify the Board in granting the relief asked for. The assessment of duty must therefore be affirmed, and the protest overruled.

Brown & Gerry (James L. Gerry, of counsel), for importers.

D. Frank Lloyd, Deputy Asst. Atty. Gen. (Charles Duane Baker, Sp. Atty., of counsel), for the United States.

PLATT, District Judge. The merchandise in question, consisting of olive oil, was assessed for duty at 40 cents per gallon under paragraph 40 of the tariff act of 1897. The importers' claim is that said "olive oil is exempt from duty in accordance with the provisions of paragraph 626, as olive oil for manufacturing and mechanical purposes fit only for such use and valued at less than 60 cents per gallon." The appraiser returned said oil as being fit only for manufacturing purposes; but, having been invoiced and entered at a value exceeding 60 cents per gallon, duty was assessed by the collector as before stated. The importers contend that there was a clerical error on the part of the shipper in making out the invoice covering this oil and that the correct value was less than 60 cents per gallon.

The General Appraiser in his opinion states "that there has been utter failure of proof to establish that there was error in the making of the invoice." I cannot agree with this opinion. I think a prima facie case was made out by the importer before the Board. The government introduced no evidence to controvert such proof.

Decision of the Board reversed.